## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RAYMOND SMITH**                                                          **CIVIL ACTION**

**VERSUS**                                                                        **NO. 06-4536**

**SHERIFF MARLIN GUSMAN, ET AL.**                            **SECTION:  "D"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Raymond Smith, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Sheriff Marlin Gusman, the "Special Investigation Department," and unidentified tier deputies.  In this lawsuit, plaintiff challenges the conditions of his confinement within the Orleans Parish Prison system in the immediate aftermath of Hurricane Katrina.

The undersigned scheduled a preliminary conference in this matter for February 27, 2007, and sent notice of that hearing to plaintiff and the warden at the Allen Correctional Center, plaintiff's address of record.[1]  The Court was subsequently notified that plaintiff was no longer incarcerated at that facility.[2]  On February 23, 2007, the undersigned issued an order canceling the preliminary conference and directing plaintiff to file a change of address within thirty days.[3]  To date, no such change of address has been filed.

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 10.

[3] Rec. Doc. 11.

The complaint signed by plaintiff included the following declaration: "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed."[4]  Despite that declaration, plaintiff has failed to meet his obligation to inform the Court of his current address.  As a result, his current whereabouts are unknown, and it is appropriate to dismiss this lawsuit without prejudice for failure to prosecute.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear.  Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).   The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits.  Fed.R.Civ.P. 41(b).  The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  As noted, plaintiff has failed to provide this Court with his current address despite his written acknowledgment of the fact that his failure to do so could result in dismissal of his lawsuit.  Due solely to plaintiff's failure, this Court has no way to contact him, to reschedule the preliminary conference, or to otherwise advance his case.

---

[4] Rec. Doc. 1, p. 4.

2

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this twenty-sixth day of March, 2007.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**